# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

**STEPHEN FARMER,**

    Plaintiff,                                          **Case No.**

v.

**BERMAN & RABIN, P.A.,**

    Defendant.

---

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.    This is an action for damages against the Defendant for its violations of the Fair Debt Collection Practices Act., 15 U.S.C. §§ 1692 et seq. in its illegal efforts to collect a consumer debt from Plaintiff.

### JURISDICTION AND VENUE

2.    Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.    Plaintiff, Stephen Farmer (hereinafter referred to as "Plaintiff" and/or "Mr.

[1]

Farmer") is a resident of this State, District and Division who is authorized by law to bring this action.

5. Defendant, Berman & Rabin, P.A. (hereinafter "Defendant" and/or "B&R") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Kansas, that maintains Michael H. Berman, 15280 Metcalf Avenue, Overland Park, KS, 66223 as its registered agent for service of process.

6. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

7. BERMAN & RABIN, P.A. uses mail in its business.

8. The primary purpose of BERMAN & RABIN, P.A.'s business is the collection of debts.

9. BERMAN & RABIN, P.A. is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers. BERMAN & RABIN, P.A. regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

10. BERMAN & RABIN, P.A. is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

11. BERMAN & RABIN, P.A. alleges to be collecting a debt which Mr. Farmer incurred as an obligation to pay money.

12. The alleged obligation of Mr. Farmer arose out of a transaction within which the

[ 2 ]

money, property, insurance or services that were the subject of the transaction were primarily for personal, family, or household purposes, and the obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. In the course of attempting to collect a debt allegedly due from Mr. Farmer to a business not a party to this litigation, BERMAN & RABIN, P.A. communicated with Plaintiff in a fashion that violated the Fair Debt Collection Practices Act (hereafter referred to as "FDCPA").

14. On August 5, 2011, Mr. Farmer received a collection notice from BERMAN & RABIN, P.A. on their file number B1018430-38, collecting on an account for Barclay Bank Delaware Assignee of Carnival, claiming the outstanding balance owed of $2,663.20 (see attached Exhibit A).

15. The August 5, 2011 letter asserts: "This is our FINAL NOTICE that unless the above account is paid in full to this office within ten (10) days from the date of this letter, a lawsuit may be filed against you without further notice. In that event, interest and court costs will be added to your balance and you will be required to pay those additional expenses." (emphasis included in original).

16. Upon information and belief, BERMAN & RABIN, P.A. is a law firm that employees attorneys that are not licensed in the state of Tennessee and thus cannot practice law in the state of Tennessee.

17. BERMAN & RABIN, P.A. is not licensed as a debt collection service through the Department of Commerce and Insurance in the State of Tennessee.

18. Upon information and belief, BERMAN & RABIN, P.A. has never filed a lawsuit in the state of Tennessee.

[ 3 ]

Case 3:12-cv-00166   Document 1   Filed 04/06/12   Page 3 of 8   PageID #: 3

19. More than ten days after the August 5, 2011 letter, on August 18, 2011, BERMAN & RABIN, P.A. sent another collection letter to Mr. Farmer collecting on their file number B1018430-38, an account for Barclay Bank Delaware Assignee of Carnival, claiming the outstanding balance owed of $2,663.20 (see attached Exhibit B).

20. The August 18, 2011 letter asserts: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

21. The August 18, 2011 letter states "Berman & Rabin, P.A. is in a position to offer you a settlement opportunity" and offers a "settlement amount [of] $1,597.92" claiming "This is a savings of $1,065.28 to you."

22. In these communications with Mr. Farmer, BERMAN & RABIN, P.A. violated the Fair Debt Collection Practices Act.

23. Mr. Farmer has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE ATTEMPT TO COLLECT ANY AMOUNT NOT AUTHORIZED BY THE AGREEMENT OR PERMITTED BY LAW

24. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

25. The attempt to collect any amount not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1), where BERMAN & RABIN, P.A. assert that in the event a lawsuit is filed "interest and court costs will be added to your balance

[4]

and you will be required to pay those additional expenses."

26. Where no lawsuit had been filed, and even if a lawsuit had been filed, the allegations of a plaintiff do not impose upon a defendant the immediate obligation to pay court costs, BERMAN & RABIN, P.A. has attempted to collect an amount not authorized by the agreement or permitted by law.

27. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

28. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

29. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS

30. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

31. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, as outlined here:

    a. By asserting the Defendant has not even had an attorney review the particular circumstances of the account but that interest and court costs will be added to the balance and Mr. Farmer will be required to pay those additional expenses, they have made false, deceptive, or misleading representations to Mr. Farmer.

[ 5 ]

b. By asserting that the August 5, 2011 letter is their FINAL NOTICE and then continuing to collect the debt on August 18, 2011;

c. By asserting that unless the account is paid in full within ten days from the date of the August 5, 2011 letter a lawsuit may be filed against Mr. Farmer; and

d. By making an offer of settlement in a second letter despite asserting the August 5, 2011 letter was the "FINAL NOTICE that unless the above account is paid in full to this office within ten (10) days from the date of the letter, a lawsuit may be filed against you without further notice."

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE THREAT TO TAKE ANY ACTION THAT CANNOT LEGALLY BE TAKEN

32. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

33. The threat to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5), as outlined here:

a. BERMAN & RABIN, P.A. is not licensed as a debt collection service in the State of Tennessee and thus is not legally allowed to collect debts in the state of Tennessee.

b. BERMAN & RABIN, P.A. is a law firm whereby no attorneys in said firm are licensed to practice law in the state of Tennessee;

c. BERMAN & RABIN, P.A. has never filed a lawsuit against a consumer in the state of Tennessee; and

d. Therefore BERMAN & RABIN, P.A. violated this provision of the FDCPA by asserting that "unless the above account is paid in full to this office within ten (10) days from the date of this letter, a lawsuit may be filed against you without further notice." Said statement is false, deceptive and misleading to the reasonable consumer and therefore is in violation of the applicable section(s) of the FDCPA.

34. Furthermore, BERMAN & RABIN, P.A. additionally violated this provision of the FDCPA when it threatened the imposition of court costs simply by filing a lawsuit against Mr. Farmer and thus making a false assertion that he would be required to pay those additional costs before he had any chance to assert any defenses he may be entitled to avail himself of regarding the allegations of their client. The act of imposing court costs without first obtaining a judgment is the threat of an action that cannot legally be taken.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

   a)   That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

   b)   That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 6th day of April, 2012.

*/s/ Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
consumerbk@comcast.net